The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Frankie Lee ELLSWORTH,
Defendant-Appellant.

No. 83CA0062.

Colorado Court of Appeals,
Div. III.

Jan. 12, 1983.

Rehearing Denied Feb. 9, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Michael G. Root, Deputy State Public Defender, Glenwood Springs, for defendant-appellant.

BABCOCK, Judge.

The defendant, Frankie Lee Ellsworth, was charged with felony theft and false reporting to the authorities. She was acquitted by jury verdict of the charge of theft, but convicted of the charge of false reporting to the authorities. On her appeal, we affirm.

The evidence showed that in February 1982, the defendant had a brief but intense, love affair with a man who moved into her apartment. Among the possessions which he brought with him were gemstones valued in excess of $20,000.

After two weeks, the man moved out of defendant's apartment without taking the gemstones with him. The defendant was unable to contact her paramour, but received a telephone call at work from an unidentified woman who said that she was with the man, that defendant was to leave him alone, and that the man considered defendant to be "trash" and a "whore."

At 3:00 A.M., when defendant got home, she ransacked her apartment, broke out a window in the back door, and wrote "I hate you" on a mirror with lipstick. She then telephoned a girlfriend and told her that she had been "robbed." The girlfriend advised defendant to call the police. When the police arrived, defendant told them that the gemstones were missing and that she strongly suspected her girlfriend, with whom she had just spoken, to be the thief.

Four days later defendant asked her girlfriend to pick up a bag at her apartment and keep it for her. Defendant asked that

she not look in the bag. The bag contained the gemstones.

Thereafter, suspicion shifted to defendant. Aware of this, she asked her girlfriend to tell the police that the two of them had taken the gems and would return them to their owner. The girlfriend told the officers what in fact had transpired and gave them the bag containing the gems.

Defendant's primary contention is that the trial court erred in failing to permit her psychiatrist to express his opinion with respect to defendant's ability to act with the requisite culpability of "knowingly" in making a false report because of impaired mental condition. We disagree.

■ In *Hendershott v. People*, 653 P.2d 385 (Colo.1982), it was held that § 18–1–803, C.R.S.1973 (1978 Repl.Vol. 8), which creates the affirmative defense of impaired mental condition to a specific intent crime, could not be applied in a manner that prohibited an accused from offering mental impairment evidence to contest the culpability element for non-specific intent crimes. Thus, a defendant is allowed to introduce competent mental impairment evidence for the jury's consideration of whether the prosecution has satisfied its constitutional burden of proof on the requisite mental state of "knowingly." *Hendershott v. People, supra.*

During trial, defendant's psychiatrist testified that she suffered from a "schizotypal personality disorder," which was exacerbated by a post-traumatic stress disorder resulting from a recent jail term and rejection by her lover. He further testified that the telephone call from the unidentified woman triggered a reactive psychosis, which caused her to commit the acts for which she was charged.

As to the theft charge, the psychiatrist opined that defendant did not have the ability to form the specific intent necessary to deprive the owner of his gemstones permanently because the defendant's total autistic purpose was self-destruction. The People's objection to the psychiatrist's testimony as to whether defendant had the

ability "knowingly" to make a false report was sustained. However, on cross-examination by the People, the psychiatrist testified that in his opinion, when defendant reported the matter to the police officers, her intent was to destroy her relationships with her girlfriend and her lover. On redirect examination, he opinion that this intent was so pervasive that defendant could form no other intent.

Here, as in *Hendershott*, defendant did not dispute commission of the criminal act. The defense was that she did not act with the requisite culpability of "knowingly."

The trial court instructed the jury: (1) that it is an affirmative defense to the crime of theft that the defendant, because of an impaired mental condition, did not have the capacity to form the specific intent required by that offense; (2) that the impaired mental condition of the defendant is not an affirmative defense to the crime of false reporting, but that "in your determination of whether the People have proved beyond a reasonable doubt that the defendant acted 'knowingly,' you may consider all the evidence offered in this matter, including evidence of her mental condition"; and (3) that it was "defendant's theory of the case that she did not commit the crime of false reporting to authorities because she did not have the requisite mental intent for that crime."

■ These instructions allowed the jury to consider the evidence of defendant's impaired mental condition in determining whether the prosecution had satisfied its burden of proof on the requisite mental state of "knowingly." *Hendershott v. People, supra.* And, although the trial court did not have the benefit of *Hendershott*, its ruling sustaining the People's objection did not deprive defendant of an opportunity to present evidence of impaired mental condition or create a per se exclusion of mental impairment evidence. *Cf. Hendershott v. People, supra.* Hence, from the record as a whole, we conclude that any error in this regard was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S.

18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *cf. Hendershott v. People, supra.*

■ The defendant next asserts that the trial court improperly restricted cross-examination of a police officer with regard to statements which she had made to him. The scope and limits of cross-examination are within the sound discretion of the trial court, and absent an abuse thereof, its rulings will not be disturbed on review. *People v. Crawford*, 191 Colo. 504, 553 P.2d 827 (1976). We find no abuse of discretion here.

Judgment affirmed.

STERNBERG and TURSI, JJ., concur.